Dexter v. Arzuaga.

# FRANCIS H. DEXTER ET AL.

## *v.*

# MIGUEL ARZUAGA ET AL.

San Juan, Law, No. 507.

1. In ejectment, plaintiff must recover upon the strength of his own title.

2. Possession under a registered conveyance for thirty years is good against all persons except those claiming under such owner. In such cases the title is presumed to be in such grantee.

3. No right to land prescribes in less than thirty years except when the person in possession holds under a just title and in good faith, for ten years uninterruptedly, as against persons in Porto Rico, or twenty against those absent from the same.

4. A "just title" means one in writing, which the party has good reason to believe, and does believe, conveys him the title.

5. In "good faith" means that the grantee has no knowledge of any other title or of bad faith in the persons who sold to him.

6. A "posesorio" title is only notice to the world of the claim of the person who holds it.

7. A "dominio" title is not good against a previously inscribed title except, perhaps, in the hands of innocent third parties.

8. In ejectment a judgment for one cotenant will enure to the benefit of all the plaintiffs in interest.

9. Plaintiff must identify the land sued for.

10. One who claims under a purchase of a "posesorio" title at a judicial sale, and who afterward converts his "posesorio" title into a "dominio," with knowledge that the judgment ordering the sale has been annulled, is not a possessor in good faith and with a proper (just) title.

11. Records of conveyances in the books of the old registry (anotaduría de hipotecas) cannot affect the title of property secured by others before they were transferred to the new registry books.

Case tried November 30, 1908.

Dexter v. Arzuaga.

*Mr. C. Coll y Cuchi,* attorney for plaintiffs.

*Mr. Antonio Sarmiento* and *Mr. T. D. Mott, Jr.,* attorneys for defendants.

Instructions by RODEY, Judge:

The facts in the case sufficiently appear from the instructions.

RODEY, Judge, gave the following instructions to the jury:

This suit was commenced October 17, 1907. As originally filed, Francis H. Dexter was the sole plaintiff; but it appearing that he recently sold an undivided one-fourth interest in the property, his vendee, Emiliano Diaz, has been made a party plaintiff with him. It is an action in ejectment, where the plaintiffs must recover upon the strength of their own title, and not upon the weakness of their adversaries; and, as in every other civil case, the plaintiff must also recover by a preponderance of the evidence. It is brought to recover the possession of a piece of land composed of 100 cuerdas and 85/100 of another cuerda, and another piece composed of 51 cuerdas, all as shown you by the complaint, evidence, maps, and exhibits.

There is evidence in the case tending to show that one Cornelio Kortright, alleged to be the predecessor in interest of the plaintiffs, bought a finea or plantation called "Pajas," said to contain 579 cuerdas of land, and which deed he had inscribed in the old registry in 1852, and which was thereafter transferred to the new registry in 1900.

Plaintiffs contend that this original tract of land purchased by their said predecessor in interest was made up of two pieces

Dexter v. Arzuaga.

within the outer boundaries set forth in the original deed, one piece containing 528 cuerdas and the other piece 51 cuerdas, and that their said predecessor in interest, Cornelio Kortright, received, took, and had possession of the same, and that his daughter, who inherited it, had similar possession of it after his death, until, through mesne conveyances, it was acquired by the present plaintiffs.

You are instructed that you need not pay much attention to the titles of the defendants other than Miguel Arzuaga, because all of the others are his tenants; therefore, they are mere nominal parties, as their rights depend upon his. The defendant Arzuaga denies that he is in possession of any of the land claimed by the plaintiffs, but insists that he is in possession of four contiguous parcels of land, one containing 89½ cuerdas, another containing 21 cuerdas, another containing 42 cuerdas, and another containing 51 cuerdas, or 203½ cuerdas in all, and that they form one contiguous tract lying to the west of this "Pajas" property. His answer, which is before you, gives a description of each of the said tracts and of the whole tract, and admits that it is bounded on the east by the hacienda "Pajas," which is plaintiffs' property.

As you have seen by the evidence, there is great conflict as to where the western boundary of Pajas is on the ground. It is contended that the true western boundary of the main portion of the Pajas plantation, and the one under which plaintiffs' predecessor in interest took possession, is a "zanjon" or ditch on the ground, and that a straight line running from the beginning to the end of said ditch, averaging its sinuosities, is the true western boundary line of the Pajas plantation, and that said line bears north 5 degrees east, according to the course given in their

Dexter v. Arzuaga.

original deed, and that said course begins at the southeast corner of a 42-acre tract known as "Los Matos." There is other evidence in the cause tending to show that this line is 1680 meters long, and that the defendant Arzuaga moved his eastern boundary some 14 degrees from said common starting point at the southeast corner of "Los Matos," so as to wrongfully include a fan-shaped piece of ground belonging to plaintiffs, containing 100.85 cuerdas as aforesaid, thus leaving plaintiffs in possession of what would be a fraction of a cuerda less than 428 cuerdas of the original tract of 528 cuerdas at that place, but which latter quantity has been reduced by losses in other directions to 401 cuerdas, as shown by plaintiffs' map.

There is evidence before you tending to show that the principal defendant's title to the 203½ cuerdas which he claims to the west of the main portion of Pajas was acquired about as follows: As to the 51 cuerdas, he claims that it belonged to one Acosta, and that he attached it for a debt and had it adjudicated to him, and afterwards obtained a "posesorio" title or certificate thereto, which he afterwards had ripened into a "dominio" title or certificate. That, as to the 21-cuerdas tract and the 89½-cuerdas tract, he secured them by direct purchase from the Lara estate, and he claims the title was a dominio title when he received it. As to the tract of 42 cuerdas, known as "Los Matos," there is no dispute here. The evidence tends to show that that formerly belonged to plaintiffs' predecessor in interest, Cornelio Kortright, and, by legal proceedings against him, passed out of his hands and finally into those of the defendant Arzuaga. So you will see that the case resolves itself largely into a question of fact as to the true location of the western boundary of the main portion of Pajas, and as to the possession and ownership of the separate portion of 51 cuerdas west of "Los Matos."

Dexter v. Arzuaga.

You are instructed that, under the law of Porto Rico, when a person gets a deed for land and inscribes it, and it remains inscribed for more than thirty years without successful attack, and the grantee or his successors in interest have possession of it, such title is good as against all subsequent claimants who cannot show that they purchased or inherited said lands from such owner; and, in the absence of any such showing, said title is presumed to continue in such owner and his successors in interest.

You are further instructed that, under the law of Porto Rico, the only way a prescriptive title can be obtained in less than thirty years, to be good against the owner who has his title duly inscribed, is when such adverse person goes into possession of it with a just title and in good faith; that is, such person must get a written title to the land which he has good reason to believe, and does believe, conveys him the title, and such belief must be in good faith; that is, he must have no knowledge from surrounding circumstances or direct information of the existence of the other title, or of any bad faith in the persons that sold to him. In such case, ten years' uninterrupted possession will constitute good title if the parties who afterwards claim are in Porto Rico, and such title will be good in twenty years if the party who afterwards claims the land is out of Porto Rico.

You are further instructed that a posesorio title is nothing more than notice to the world that the person who gets such a so-called title from the court is in possession of the land; and a dominio title is never good save, perhaps, in the hands of innocent third parties, as against a previously inscribed title which clearly appears on the record, and of which the person getting the dominio title had, or ought to have had, direct or constructive knowledge at the time.

Dexter v. Arzuaga.

As stated, you are instructed that defendant's title to the 42-acre tract known as "Los Matos" is not questioned here. The only thing that is questioned is its location,—whether it should have its eastern boundary on the line marked on one of the maps as north 19 degrees east, or at the line designated as north 5 degrees east, or on any line between those two points, as you may believe, from a preponderance of the evidence, the line of this ditch to be in fact located; and this is one of the main questions for your consideration. As to the 89½-cuerdas tract and the 21-cuerdas tract claimed by defendant, plaintiffs do not question his mode of acquiring title thereto, but they do question the existence of such tracts anywhere east of the 42-acre tract known as "Los Matos." That, of course, will be a question for you to decide.

Therefore, if you believe, from a preponderance of the evidence, that plaintiffs' predecessor in interest purchased the estate "Pajas," containing these two pieces of land, one of about 528 cuerdas and the other of 51 cuerdas, and that such titles have come down to these present plaintiffs, and that the land, when so first purchased, existed in fact on the ground, and now still exists on the ground, as when it was purchased by plaintiffs' predecessor in interest, and that plaintiffs or their said predecessors in interest have in no manner devested themselves of such title or been devested thereof in any of the ways in these instructions set out, and that defendants or any of them are in possession of the portions here sued for, or any part thereof, then you should find for the plaintiffs for the whole or any smaller part of the land sued for, as you believe defendants, or either of them, are in possession of, together with such damages for the wrongful detention thereof as you may believe, from a pre-

Dexter v. Arzuaga.

ponderance of the evidence, the reasonable rental value of such property to be. But you are instructed in this regard that you can only grant such rental value to the plaintiff Dexter for a half interest thereon since he obtained such half interest in the year 1902, and for the whole of such interest since he obtained the remaining half in 1907, because he has no right to sue for any rents that might be due to Miss Kortright or her father. That action was personal to them. Of course, if the plaintiffs recover, the fact that there is another plaintiff in the case now will simply give that plaintiff his proper proportion of such damages without the necessity of finding specifically for him in that regard. Damages in this cause can in no event exceed the amount sued for, *viz;* $10,000.

But, on the other hand, if you believe, from a preponderance of the evidence, that the 203½ cuerdas of land now claimed by this principal defendant never were any part of the estate "Pajas," as originally described, but lie entirely west of the true boundary of Pajas, or that the plaintiffs have failed, by a preponderance of the evidence, to show that the same was a portion of Pajas, then you should find for the defendants, as they are not guilty of any wrong towards the plaintiffs.

And you are further instructed that if the principal defendant here obtained possession of the whole or any portion of the land sued for, in good faith, and with a just title, as by these instructions defined, and has held the same under such good faith and just title without successful attack against the same for ten years before the filing of this suit, then you should also find for the defendants, because that would amount to prescriptive title under the law of Porto Rico.

You are instructed that it devolves upon the plaintiff here to

identify the land he is claiming as land that is now in possession of the defendants, and to which plaintiffs have title; and he must do this by a preponderance of the evidence; and, if plaintiffs fail to do this, they must fail to recover to the extent to which you believe they so fail.

On the other hand, if you believe that the principal defendant's title to any of the four tracts of land that he claims refers to land that is not any part of the land now claimed by plaintiffs, then such titles do not aid him at all, because they refer to other lands, and the plaintiffs should recover, provided you believe that the land actually and on the ground, embodied in the titles so claimed by the defendant, is the land claimed by the plaintiffs.

You are instructed that, if you believe, with respect to the 51 cuerdas which defendant Arzuaga claims, that these are the 51 cuerdas sued for by plaintiffs, and that defendants, or either of them, are in possession thereof, and that defendant Arzuaga claims to have acquired the same by virtue of the alleged sale thereof to him by the municipal court of Barceloneta, then, if you believe that, at the time defendant Arzuaga inscribed the conversion of his possession into dominion, the sale to him in the aforesaid suit against Acosta had been annulled, then defendant Arzuaga is not a possessor in good faith or with a proper title.

You are further instructed that if you find that the properties which defendant Arzuaga alleges himself to be in possession of under a proper title and in good faith are not the same properties, or any part thereof, which plaintiffs sue for, then such possession by defendant Arzuaga or the other defendants, though under a proper title and in good faith, constitutes no defense to this action.

Dexter v. Arzuaga.

You are further instructed that, so far as this principal defendant and his title to the 89½-cuerdas tract is concerned, the inscription in the modern registry of property of the deeds of the various owners of the plantation "Pajas" is the only record that can affect any titles which he may have in such registry, and that such inscriptions in the modern books of the registry can affect such defendant only from the time they were made or from the date they were transferred from the old to the new books; or, in other words, so far as this defendant and his title to the 89½ and 21 cuerdas tracts is concerned, if such tracts exist on the ground, he cannot be affected by any title of Pajas recorded in the old or ancient books of record.

You are further instructed that the defense of prescription in no way affects any substantive defense which the principal defendant may have presented, if you believe he has presented any such title, and that the instructions herein given with regard to good faith only concern such defense of prescription, and do not concern the defense of the principal defendant presented by his titles introduced in evidence in this cause.

It is peculiarly the province of a jury, gentlemen, to settle all questions of fact in every suit at law; and it is the duty of the court to settle all questions of law, and instruct the jury as to the same. Therefore, it cannot always be told just what law applies to a case until the jury finds the facts, and then those facts must have the law applied to them, and will govern the verdict of the jury, as indicated in these instructions. It is often hard for a jury to find the true facts because they have to depend upon the evidence, both documentary and oral, and then they have to pass upon conflicts, and often have to measure probabilities in accordance with reason and common sense.

Dexter v. Arzuaga.

Therefore, if you believe, from a preponderance of the evidence, that any witness has wilfully sworn falsely as to any material fact in the case, you have the right to disregard the whole or any portion of such witness's evidence unless the same is corroborated to your satisfaction by other facts and circumstances in the case.

You must remember that this is a civil suit, where a plaintiff may recover on a preponderance of the evidence, and not as it is in criminal cases, where the guilt of an accused must be proved beyond a reasonable doubt; but a preponderance of the evidence does not necessarily mean the side that has the more exhibits or the more witnesses. It means the side upon which the real truth lies, in your opinions, after you have given all the facts and circumstances a careful, full, fair, and impartial consideration; and the rule that a plaintiff must recover on the strength of his own title, and not upon the weakness of his adversary's, does not vary the rule that he is entitled to recover upon a preponderance of the evidence generally, when the law is applied to the facts as you may find them.

It is presumed that you will perform your full duty in this case, and that you will not lean to one side or the other for any reason whatsoever, not supported by the evidence; that the situation of the parties or your acquaintance or lack of acquaintance with them will have nothing to do with your verdict. It is also presumed that you will fully appreciate the fact that a jury has a duty to perform which must not be influenced by any regard they may have for the parties to the suit, and it is assumed that you will have the moral courage to avoid any such things, because nobody is responsible for the verdict you shall render but yourselves. No one else is under oath with reference to the

IV. Porto Rico—23.

finding of the verdict. It would not only be an impertinence, but a contempt of court for any of the parties or their friends to ever question you for the verdict you may see fit to render in the cause. It is hoped you will arrive at a verdict, because these trials are very expensive to the parties and to the island; but it is not intended by this remark to force any juror to give up his opinion to others if he believes that injustice would be done by so doing; but it is hoped that the jury will reason together, and that they will deliberate, and that, if a large number of them happen to think that a verdict for one side is warranted, they can advance arguments and show proper reasons to the others to agree with them; or that they, if they find that they are wrong, will recede from their position and accept that of the others.

Several forms of verdict will be given you, which will read as follows:

(1) We, the jury, find for the plaintiffs that they are entitled to recover both tracts of land sued for, as described in the complaint, together with damages in the sum of $———— for the wrongful detention thereof.

(2) We, the jury, find that the plaintiffs are entitled to recover the 100.85-cuerdas tract of land sued for, together with damages in the sum of $———— for the wrongful detention thereof, and that they are not entitled to recover the 51-cuerdas tract sued for.

(3) We, the jury, find for the plaintiffs that they are entitled to recover all of the 100.85 cuerdas of land sued for, that lie east of the center line of the ditch existing on the ground, that starts from a point near the southeast corner of the tract known as "Los Matos," together with damages in the sum of $————

Dexter v. Arzuaga.

for the wrongful detention thereof, and that they are not entitled to recover the tract of 51 cuerdas sued for.

(4) We, the jury, find for the plaintiffs that they are entitled to recover the 51 cuerdas sued for, together with damages in the sum of $———— for the wrongful detention thereof, and that they are not entitled to recover the 100.85 cuerdas sued for.

(5) We, the jury, find for the plaintiffs that they are entitled to recover all of the 100.85 cuerdas sued for lying east of the center line of the ditch existing on the ground, that starts from a point near the southeast corner of the tract known as "Los Matos," and that they are also entitled to recover the tract of 51 cuerdas sued for, together with damages for the wrongful detention thereof, in the sum of $————.

(6) We, the jury, find for the defendants.

When you have arrived at a verdict, you will cause the same to be signed by one of your number as foreman, whom you will select for that purpose, and then all of you must return it into court. I do not think that the evidence would warrant the finding of any other verdict than one of the several here pointed out.

Verdict for plaintiffs as follows:

We, the jury, find for the plaintiffs that they are entitled to recover the land sued for as described in the complaint, together with damages in the sum of $4,000 for the wrongful detention thereof.